UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-327-JLS (KK) | Date | March 3, 2015 |
|---|---|---|---|
| Title | Rick S. Sandoval v. Chino State Prison | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed as Untimely**

In February 2015, Plaintiff Rick S. Sandoval, proceeding *pro se* and *in forma pauperis*, constructively filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").[1]  Although not entirely clear, Plaintiff appears to allege harm resulting from his placement in an overcrowded dayroom in Chino State Prison on February 10, 2010.  Id. at 1.  The Complaint appears to be untimely on its face.  Thus, Plaintiff is ordered to show cause why the Complaint should not be dismissed as time-barred.

# I.  LEGAL STANDARD

A court may dismiss a complaint *sua sponte* "on the ground that it is barred by the applicable statute of limitations" if "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted).

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered the pleading to prison authorities for mailing, not the date on which the pleading may have been received by the court.  See Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).  The Court notes Plaintiff did not write a specific date, but rather, dated the Complaint "2-__-15."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-327-JLS (KK) | Date | March 3, 2015 |
|---|---|---|---|
| Title | Rick S. Sandoval v. Chino State Prison | | |

California's statute of limitations for personal injury claims is two years. Id. (citing Cal. Civ. Proc. Code § 335.1). California law "provides for the tolling of a statute of limitations for a period of two years based on the disability of imprisonment," if the plaintiff is "'imprisoned on a criminal charge . . . for a term less than for life.'" Id. (quoting Cal. Civ. Proc. Code § 352.1) (footnote omitted).

In addition, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. at 928 (citation and internal quotation marks omitted). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." Id. (citations, internal quotation marks, and alterations omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shelder, 192 F.3d 911, 916 (9th Cir. 1999) (citation and internal quotation marks omitted). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003).

While "state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999) (citation omitted).

## II. APPLICATION

Plaintiff's claims accrued on February 10, 2010. Starting from that date, Plaintiff had – at most – four years to file his claims: two years under section 1983's statute of limitations, and two years of tolling for the "disability of imprisonment."[2] Jones, 393

---

[2] It is unclear whether Plaintiff has been continuously incarcerated since the date of accrual and, thus, whether he is entitled for two years of tolling for the "disability of imprisonment." Nonetheless,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-327-JLS (KK) | Date | March 3, 2015 |
|---|---|---|---|
| Title | Rick S. Sandoval v. Chino State Prison | | |

F.3d at 927. Unless Plaintiff is entitled to equitable tolling, he was required to file his claims by February 10, 2014. Plaintiff did not file the Complaint until February of 2015. Thus, absent equitable tolling, Plaintiff's Complaint is untimely. Plaintiff has not asked for equitable tolling, much less demonstrated he is eligible for it. Therefore, the Complaint appears to be time-barred.

### III. CONCLUSION

Plaintiff is therefore ORDERED TO SHOW CAUSE within **fourteen (14) days** of the date of this Order why the Court should not dismiss his Complaint as untimely.

As an alternative, Plaintiff may, within **fourteen (14) days** of the date of this Order, request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience.**

The Court warns Plaintiff that failure to file a timely response to this Order will result in a recommendation that this action be dismissed with prejudice.

---

for purposes of this Order, the Court assumes continuous incarceration.