UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK S. SANDOVAL,<br><br>             Plaintiff,<br><br>             v.<br><br>CHINO STATE PRISON,<br><br>             Defendant. | Case No. EDCV 15-327-JLS (KK)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION AS UNTIMELY |

Plaintiff Rick S. Sandoval, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated on February 10, 2010.  The Court finds this action untimely and, thus, dismisses it with prejudice.

**I.**

**BACKGROUND**

In February 2015, Plaintiff constructively filed[1] a Complaint, pursuant to 42 U.S.C.

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Plaintiff failed to state a specific date and merely dated his Complaint "2-__-15."

1

§ 1983.  ECF No. 1.  The Complaint was filed on February 24, 2015 and Plaintiff's request to proceed *in forma pauperis* was granted on February 26, 2015.  ECF Nos. 1, 4.

While the allegations in the Complaint are unclear and difficult to read, Plaintiff appears to allege his constitutional rights were violated on February 10, 2010, when he was housed in an overcrowded dayroom at Chino State Prison.  ECF No. 1 at 1, 3.  Plaintiff sues the prison's medical staff and other personnel, and seeks one million dollars in damages.  Id. at 3, 6.  Attached to the Complaint is an explanation of why Plaintiff did not file this suit sooner.  Id. at 7.  Plaintiff states his public defender told him for three-and-a-half years, from 2010 to 2014, not to file a civil rights suit because his criminal case "was more important."  Id.

On March 3, 2015, the Court issued an Order to Show Cause why the Complaint should not be dismissed as time-barred.  ECF No. 7.  On March 11, 2015, Plaintiff filed a response in which he appears to claim he was unable to focus his attention on this case because he had a death penalty trial that "dragg[ed] out" from October 2011 until 2014.  ECF No. 8 at 1-2.

## II.
## DISCUSSION

### A.   Legal Standard

A court may dismiss a complaint *sua sponte* "on the ground that it is barred by the applicable statute of limitations" if "the running of the statute is apparent on the face of the complaint."  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling,

---

ECF No. 1 at 6.  The Court received the Complaint on February 23, 2015.  Id. at 1.  Thus, the Court considers the Complaint to have been constructively filed on a date between February 1, 2015 and February 22, 2015.

2

including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted). California's statute of limitations for personal injury claims is two years. Id. (citing Cal. Civ. Proc. Code § 335.1). California law "provides for the tolling of a statute of limitations for a period of two years based on the disability of imprisonment," if the plaintiff is "'imprisoned on a criminal charge . . . for a term less than for life.'" Id. (quoting Cal. Civ. Proc. Code § 352.1) (footnote omitted).

In addition, "California courts apply equitable tolling to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice." Id. at 928 (citation and internal quotation marks omitted). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the limitations statute." Id. (citations, internal quotation marks, and alterations omitted). "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shelder, 192 F.3d 911, 916 (9th Cir. 1999) (citation and internal quotation marks omitted). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003). The burden to plead facts which would give rise to equitable tolling falls upon the plaintiff. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993); see also Kleinhammer v. City of Paso Robles, 385 F. App'x 642, 643 (9th Cir. 2010).

While "state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers

3

v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999) (citation omitted).

**B.     Application**

    **1.     This Action Is Untimely.**

Plaintiff's claims accrued on February 10, 2010, the date he alleges he was housed in an overcrowded room at Chino State Prison.  See ECF No. 1 at 1, 3.  Starting from that date, Plaintiff had at most four years – that is, until February 10, 2014 – to file his claims: two years under section 1983's statute of limitations, and two years of tolling for the "disability of imprisonment."  Jones, 393 F.3d at 927.  Plaintiff did not file the Complaint until February of 2015.  See ECF No. 1 at 6.  Thus, absent equitable tolling, the Complaint is time-barred.

    **2.     Plaintiff Is Not Entitled to Equitable Tolling.**

Plaintiff appears to argue he is entitled to equitable tolling because he was unable to focus on this case, on account of a death penalty trial that lasted from 2010 until 2014. See id. at 7; ECF No. 8 at 1-2.  Plaintiff's argument is vague and fails to establish any – much less all – of the "three conditions to equitably toll a statute of limitations" under California law.  Fink, 192 F.3d at 916 (holding plaintiff was not entitled to equitable tolling, even though two of the three conditions "appear[ed] to support the application of tolling").

First, Plaintiff has not shown that Defendants had "timely notice" of his claims.  Id. Plaintiff has not shown he "pursue[d] his claims in any manner until he filed this lawsuit" in February 2015, or that he "provide[d] advance notice of his claims" to the defendants "prior to filing this suit."  Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2003).  Thus, Plaintiff has not demonstrated the first condition for equitable tolling under California law.

Second, there is ample reason to conclude the Defendants would "be prejudiced by being required to defend the otherwise barred claim" almost five years after the alleged incident.  Fink, 192 F.3d at 916.  "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  Pagtalunan v. Galaza,

291 F.3d 639, 643 (9th Cir. 2002) (citation omitted).  Thus, Plaintiff has not demonstrated the second condition for equitable tolling under California law.

Third, Plaintiff has not shown he acted "reasonabl[y] and in good faith."  Fink, 192 F.3d at 916.  Plaintiff's claim that he was more focused on his criminal case from 2010 to 2014 is vague, and does not fully explain why it took him five years to file the instant Complaint.  Thus, Plaintiff has not demonstrated the third condition for equitable tolling under California law.

For the foregoing reasons, the Complaint is dismissed as untimely.  Because no amendment can cure this action's untimeliness, dismissal of the Complaint is without leave to amend.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment be entered dismissing the Complaint without leave to amend, and dismissing this action with prejudice.

DATED: March 24, 2015    _____
                          HONORABLE JOSEPHINE L. STATON
                          UNITED STATES DISTRICT JUDGE

Presented by:

_____
KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

5